UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VELTOR COTTON,<br><br>          Plaintiff,<br><br>     v.<br><br>DAVIS, et al.,<br><br>          Defendants. | CAUSE NO. 3:22-CV-776-RLM-MGG |

OPINION AND ORDER

Veltor Cotton, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Cotton alleges that he arrived at Westville Correctional Facility on March 25, 2022, from Pendleton Correctional Facility. Because of the transfer, his property at Pendleton was inventoried, packed in boxes, and sent to Westville. He received his television on April 5, 2022, but was told that staff would have to go through his other boxes before he could get the rest of his property. Later that same day, Mr. Cotton saw his property boxes sitting in a hallway, accessible to any staff or inmates passing by. From April 5th to April

11th Mr. Cotton asked multiple officers for his items and was repeatedly told to wait. When Mr. Cotton finally got his property on April 13, he alleges that a pair of headphones, commissary food, shorts, a sweatsuit, and an inventory form were missing. Mr. Cotton tried to get relief the prison's grievance process, but nothing was done. He sues fourteen defendants for the property loss.

The constitutional provision at issue here is the Fourteenth Amendment, which provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law. . .." Even though Mr. Cotton says he lost several items of property during the prison transfer, he doesn't state a claim for a deprivation of property without due process. Indiana's tort claims act (Indiana Code §34-13-3-1 et seq.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law after the harm occurred. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). The

existence of the Indiana Tort Claims Act means that Mr. Cotton cannot bring a federal case for a violation of his federal due process rights.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile," <u>Abu-Shawish v. United States</u>, 898 F.3d 726, 738 (7th Cir. 2018), but "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." <u>Hukic v. Aurora Loan Servs.</u>, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, this is such a case.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 5, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
